

# MIRANDA SLONE SKLARIN VERVENIOTIS LLP

| | | |
|---|---|---|
| MICHAEL A. MIRANDA* <br> STEVEN VERVENIOTIS <br> ONDINE SLONE <br> RICHARD S. SKLARIN° <br> MAURIZIO SAVOIARDO <br> ANDREW B. KAUFMAN± <br> LAWRENCE S. WASSERMAN* <br> LOUISE FASANO <br> LAURA ALTO <br> RICHARD B. EPSTEIN <br> ——— <br> *ALSO ADMITTED IN NEW JERSEY <br> □ALSO ADMITTED IN FLORIDA <br> ±ALSO ADMITTED IN DISTRICT OF COLUMBIA <br> ° RESIDENT IN WESTCHESTER | THE ESPOSITO BUILDING <br> 240 MINEOLA BOULEVARD <br> MINEOLA, NY 11501 <br> TEL. (516) 741-7676 <br> FAX (516) 741-9060 <br> WWW.MSSSV.COM <br> **BRANCH OFFICES:** <br> WESTCHESTER, NY <br> NEW YORK, NY <br> WOODBRIDGE, NJ | **SENIOR COUNSEL** <br> ABRAHAM WARMBRAND <br> GABRIELLA CAMPIGLIA <br> KENNETH MASTELLONE° <br> ——— <br> **ASSOCIATES** <br> BRANDON H. DORMAN <br> WALDER THAME-TURNER° <br> MICHAEL KHAN <br> JAMES VOLPE <br> SUZANNE LODGE° |

**WRITER'S E-MAIL:**
sverveniotis@msssv.com

**WRITER'S DIRECT DIAL:**
516-741-8488

June 30, 2025

**MEMO ENDORSED**

The parties are directed to appear for a telephonic Discovery Conference on **7/15/2025**, **at 10:30 a.m.** The parties are to dial in to the Cisco Webex conference line at **855-244-8681**, enter **Meeting ID #2310 527 2044** and then # to enter the conference. At the Discovery Conference, the parties should be prepared to discuss the issues raised in ECF No. 65.

Each party may submit a separate letter of no more than **3 pages** explaining its position on the disputed discovery requests at issue. Those letters must be submitted **at least 3 business days** before the date of the Discovery Conference.

The Clerk of Court is kindly directed to close the gavel associated with ECF No. 65.

SO ORDERED.

_/s/ Victoria Reznik_
Hon. Victoria Reznik, U.S.M.J.

Dated: 7/2/2025

<u>VIA ECF</u>
Honorable Judge Victoria Reznik
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

    Re: Rutgers Cas. Ins. Co. v. Dema Landscape LLC. et al
       Docket No: 1:24-cv-00941-NSR
       <u>Our File No: 21-314          </u>

Dear Judge Reznik:

  We represent the plaintiff Rutgers Casualty Insurance Company ("Rutgers") in this matter, and we write, with consent of all parties, to submit a joint status letter and to inform the Court as to the present status of discovery disputes and that the parties now seek to conduct depositions. Due to the parties being away during the summer, however, we need to extend the discovery schedule, and the parties therefore now submit a revised proposed discovery plan and scheduling order, attached hereto. The prior request was granted.

  <u>On behalf of the plaintiff, Rutgers</u>, we hereby inform the Court that, as per the last conference, we served new discovery demands which specifically reference known events/lawsuits pertaining to Dema's work, its employees, payroll and gross receipts relevant to the terms under which Rutgers issued the policies to Dema. The lawsuits reference snow plowing and/or tree work as well as use of 60 employees, contrary to what was represented to the plaintiff during the application for the policies issued to Dema. We also requested documents from the Bennetts as per testimony in the underlying action referencing other work performed by Dema.

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

___

**1:24-cv-00941-NSR - LETTER TO JUDGE REZNIK RE JOINT STATUS/DISCOVERY - FILE 21-314**
**JUNE 30, 2025**
**PAGE 2 OF 3**

Copies of the demands and the responses of each are attached, and we write to request an order compelling production of documents before we proceed with depositions of Dema and the Bennetts. A copy of our demands and the responses from each of the defendants are attached.

As to Dema's responses, we submit that they are deficient in that while there obviously are records used in the lawsuits, for example, including records maintained by counsel, Dema has refused to provide same or authorizations for counsel to produce their files and we will issue subpoenas to counsel in an effort to obtain the relevant records. Moreover, as to several of our demands, Dema has objected and inexplicable responded that plaintiff (meaning Falls Lake?) has Dema's records, which is not true but implicitly indicates that there are records that are not being produced to plaintiff on the pretext that plaintiff has Dema's records. We ask for the Court to direct Dema to provide the records before we can proceed to a deposition of Dema.

As to the responses of Vanessa or Roger Bennett, we have pointed out to counsel that Vanessa Bennett testified in the underlying action that she moved into their home in August 2020, that the prior homeowners used Dema and that she continued using them thereafter, meaning that there should be records as to that work but it has not been produced. Ms. Bennett specifically testified that Dema did snow removal for them and that they also removed a tree prior to the September 2021 incident. The Bennetts have produced only invoices from October 14, 2022, November 3, 2022 and January 9, 2023 but have not produced any records as to the work of Dema for 2020 and 2021. We again seek the records before a deposition.

<u>Dema's position is that</u>: At the last conference plaintiff was directed to narrow its First Set of Document Demands. In supposed compliance, plaintiff served a Second Set of Document Demands dated May 30, 2025. The new demand consists of: overly broad demands about two irrelevant lawsuits, demands about work at the Bennett residence, and demands for all employee and payroll records for 2013 - 2021. As to the two lawsuits (reduced from three, as plaintiff contended during the last conference), the first was a collection action for landscape work where the defendants defaulted, and judgment was entered. The second was a wage and hour case about events 2008 - 2010 that was dismissed within nine months. Neither case required discovery, and neither case concerned any tree work. Moreover, the latter case is utterly irrelevant as the policies herein were issued on December 23, 2013. Accordingly, apart from requests pertaining to the Bennett Residence, it is the same fishing expedition designed to somehow validate plaintiff's baseless belief that Dema LLC operated as a tree care company. Despite the foregoing, Dema LLC served a response on June 16, 2025 that sought, in good faith, to address the Second Demand. We heard nothing from counsel for plaintiff about any supposed dispute until we received counsel's proposed letter to the Court dated June 26, 2025. Rather than contacting my office to discuss any issues, the letter broadly, and falsely, contends that the two lawsuits concern "known events" that are inconsistent with what was represented when the insurance policies were applied for. Further, the letter does not specify what responses are supposedly deficient, yet boldly requests "an order compelling production of documents." Dema has provided a response addressed to the mostly inappropriate Second Set of Demands. It must be noted that, to Dema LLC's knowledge, plaintiff has done nothing to receive and review

**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**

---

**1:24-cv-00941-NSR - LETTER TO JUDGE REZNIK RE JOINT STATUS/DISCOVERY - FILE 21-314**
**JUNE 30, 2025**
**PAGE 3 OF 3**

discovery materials from the underlying New York Bakalli case in order to avoid duplicative discovery herein. It must also be noted that plaintiff has declined to proceed with a deposition so as to understand the business that Dema LLC conducts, and what documents may be available. Accordingly, there is no basis for the relief requested by plaintiff.

The Bennetts' position is that the Bennetts have already produced all responsive documents in their possession, custody, or control, following diligent searches. In particular, the Bennetts do not have any additional responsive records to Plaintiffs' request for "all contracts, invoices, proposals, work orders and payment records as to work performed by Dema for the Bennetts." Contrary to Rutgers' position that Bennetts "have not produced any records as to the work of Dema for 2020 and 2021," the Bennetts produced an October 19, 2021invoice (BENNETT_0001-002) and a November 10, 2021 invoice (BENNETT_0003-0004) from Dema in their initial document production. Two months later, Rutgers sent a demand that the Bennetts supplement their discovery responses and produce "produce any contracts, invoices, proposals, and work orders from January 2012 to the present day between [the Bennetts] and Dema Landscape as to all work done by Dema, including any documents as to the prior tree removal referenced at Vanessa's deposition in the underlying action." Counsel for Rutgers argues that the Bennetts must have additional documents based on Mrs. Bennett's testimony at deposition that she moved into their home in August 2020, that the prior homeowners used Dema and that she continued to use them thereafter. Notably, Mrs. Bennett testified at her deposition that she did not "remember receiving any communication or documentation about" the tree removal on the date of the incident. T26:20-22. With respect to tree removal performed prior to the September 2021 incident, Mrs. Bennett testified that she did not know if she had documentation "specifically about the tree removal because [Dema] did so much work for us . . ." T19:25-20:3. Nevertheless, after receiving Rutgers' supplemental demand, Mrs. Bennett conducted multiple searches and identified invoices from Dema dated October 14, 2022, November 3, 2022, and January 9, 2023 that the Bennetts timely produced (BENNETT_0051-0053). As the Bennetts' counsel has informed Rutgers' counsel, the Bennetts were unable to identify any additional responsive documents, from 2020 or any other year, following diligent searches. Accordingly, counsel for Rutgers has no basis to seek to compel the Bennetts to produce documents they have already searched for and confirmed are not in their possession, custody, or control.

Given the pending discovery disputes and subject to conducting depositions of the parties in this action, the parties believe that mediation and/or a settlement conference will not be fruitful. The parties propose to submit a supplement as to their position once discovery is completed and ask the Court to so order the attached new proposed scheduling order.

Respectfully Submitted,
**MIRANDA SLONE SKLARIN VERVENIOTIS LLP**
s/Steven Verveniotis

Enc. Scheduling Order, Parties Responses and Demands